| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>WHITE PLAINS DIVISION | pjh9510<br>Tax ID #11 3178696 |

―――――――――――――――――――――――X
IN RE:  MICHAEL ROSENBERG and            CHAPTER 7
        JUDY ROSENBERG,                  CASE. NO. 12-24074-rdd

                    DEBTORS.
―――――――――――――――――――――――X
AMERICAN EXPRESS BANK, FSB and
AMERICAN EXPRESS CENTURION BANK,         ADV. PROC.  NO.

                    PLAINTIFFS,

        v.
                                         **COMPLAINT TO DETERMINE**
MICHAEL ROSENBERG                        **DISCHARABILITY OF DEBT**
aka MICHAEL W. ROSEBERG and
JUDY ROSENBERG,

                    DEFENDANTS.
―――――――――――――――――――――――X

Plaintiffs, American Express Bank, FSB and American Express Centurion Bank, by and through their counsel, hereby represent as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(I) and (J) (core proceeding), § 1334(b) and 11 U.S.C. § 523(c).

2. On December 4, 2012, Michael Rosenberg aka Michael W. Rosenberg and Judy Rosenberg ("Defendants") filed a voluntary Chapter 7 petition, commencing the above case.

3. According to the Defendants' Certificate of Counseling, they received credit counseling on October 23, 2012.

4. American Express Bank, FSB is the holder of a claim against Michael Rosenberg aka Michael W. Rosenberg ("Defendant 1") arising from card account number ****-******-91009 ("Account 1").

5. Account 1 was opened by Defendant 1 in August of 2007 and he provided "Movo Enterprises" as the name of the business on Account 1.

6. The balance on Account 1 as of the date of the filing of the Chapter 7 petition was $53,504.43.

7. American Express Bank, FSB is the holder of a claim against Defendant 1 arising from card account number ****-******-61009 ("Account 2").

8. Account 2 was opened by Defendant 1 in April of 2001 and he provided "Movo Enterprises" as the name of the business on Account 2.

9. The balance on Account 2 as of the date of the filing of the Chapter 7 petition was $26,572.62.

10. American Express Centurion Bank is the holder of a claim against Defendants arising from card account number ****-******-*3000 ("Account 3").

11. Account 3 was opened by Defendants in November of 1993.

12. The balance on Account 3 as of the date of the filing of the Chapter 7 petition was $20,639.60.

13. American Express Centurion Bank is the holder of a claim against Defendant 1 arising from card account number ****-******-*1002 ("Account 4").

14. Account 4 was opened by Defendant 1 in August of 2004.

15. The balance on Account 4 as of the date of the filing of the Chapter 7 petition was $13,207.43.

16. American Express Bank, FSB and American Express Centurion Bank hereinafter will collectively be referred to as "American Express".

17. The terms and conditions of the account agreements between the Defendants and American Express call for the payment of all costs and all other expenses expended by American Express in the collection of the Accounts, which is hereby requested by American Express.

## **FIRST COUNT**

18. Paragraphs 1 through 17 are hereby repeated and incorporated as if fully set forth herein.

19. Between April 15, 2012 and September 20, 2012, Defendant 1 used his American Express card in one-hundred and nineteen (119) transactions charging $51,836.14 on Account 1 for cash, goods and services.

20. The card activity at issue represents a sudden change in Defendant 1's spending habits and is inconsistent with previous use of Account 2.

21. Of the transactions referenced in paragraph 19, four charges totaling $27,796.29 were incurred for tax payments to the U.S. Treasury and related convenience fees.

22. Upon information and belief, the charges at issue in paragraph 21 were incurred to pay federal income taxes and therefore, are non-dischargeable pursuant to 11 U.S.C. §523(a)(14).

23. Of the transactions referenced in paragraph 19, two charges totaling $2,654.49 were incurred for a tax payment to NYS Income Tax and a related convenience fee.

24. Upon information and belief, the charges at issue in paragraph 23 were incurred to pay taxes to a governmental other than the United States, that would otherwise be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

25. Pursuant to 11 U.S.C. §523(a)(14A), the charges referenced in paragraph 23 are excepted from discharge.

26. Of the transactions referenced in paragraph 19, one charge in the amount of $9,957.08 was incurred at Meltzer Lippe & Gold for legal services.

27. Of the transactions referenced in paragraph 19, twenty charges totaling $5,180.90 were incurred for cash advances and related convenience fees.

28. Of the transactions referenced in paragraph 19, two charges totaling $2,159.01 were incurred at Ameriprise Insurance.

29. Of the transactions referenced in paragraph 19, ten charges totaling $1,065.04 were incurred for general merchandise at Costco Wholesale, Staples, Lowe's and Paul Fredrick.

30. Account 1 was credited $502.86.

31. Account 1 accrued interest and late payment fees totaling $6,023.15.

32. Account 1 had a prior balance of zero.

33. Defendant 1 made four payments totaling $3,852.00 on Account 1 during or after the charge activity at issue.

34. The terms and conditions of the account agreement between the Defendant and American Express call for a minimum payment toward the charges due on Account 1 upon receipt of the monthly billing statement.

35. By using Account 1, Defendant 1 agreed to be bound by the terms and conditions of the Account Agreement.

36. Each time Defendant 1 made a charge on Account 1, he represented to American Express that he had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

37. Attached hereto as Exhibit "A" is the relevant portion of the account statements for Account 1 which reflect the charge activity alleged in this Complaint.

38. According to Schedule F of the Defendants' bankruptcy petition, the Defendants have $245,714.00 in unsecured, non-priority debt; most of which appears to be credit/charge card or line of credit debt.

39. According to Schedule I of the Defendants' bankruptcy petition, Mr. Rosenberg is self-employed as a Salesman – Wholesale Hardware and Mrs. Rosenberg is self-employed as a Stenographer. They have a combined monthly income totaling $13,276.42.

40. The Defendants are financially sophisticated as evidenced by the fact that they are self-employed, own real estate, maintain an automobile loan, pay taxes, and by their usage and maintenance of credit/charge cards.

41. According to Schedule J of the Defendants' bankruptcy petition, the Defendants have monthly expenses totaling $22,311.52; this figure does not include payment on any credit/charge card or line of credit debt.

42. According to the Defendants' Statement of Current Monthly Income, they had monthly disposable income of *negative* $273.15 over the six months prior to their bankruptcy filing.

43. The Defendants' petition and schedules reflect insufficient income and assets from which Defendant 1 reasonably could have expected to repay American Express.

44. American Express asserts that at the time Defendant 1 incurred the charges on Account 1, his monthly expenses exceeded his monthly income and therefore he did not intend to honor his obligation to American Express to satisfy Account 1.

45. Defendant 1 obtained the cash, goods and services charged on Account 1 through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

46. Defendant 1 made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable him to charge goods and services on Account 1.

47. At the time of posting the above-referenced charges to the Account 1, Defendant 1 was a cardmember in good standing with American Express, such that, American Express justifiably relied on Defendant 1's misrepresentations as to his intent to repay.

48. As the proximate result of extending credit based on Defendant 1's misrepresentations, American Express has sustained loss and damage in the amount of $53,504.43 on Account 1.

49. The balance on Account 1 in the amount of $53,504.43 was incurred by Defendant 1 with knowledge of his inability to repay it.

50. The balance on Account 1 in the amount of $53,504.43 was incurred by Defendant 1 without the intent to repay it.

51. The balance on Account 1 in the amount of $53,504.43 was obtained through false pretenses, a false representation, or actual fraud by Defendant 1.

52. For the reasons above, a portion of the balance on Account 1 in the amount of $27,796.29 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14).

53. For the reasons above, a portion of the balance on Account 1 in the amount of $2,654.49 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14A).

54. For the reasons above, the balance on Account 1 in the amount of $53,504.43 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND COUNT

55.	Paragraphs 1 through 54 are hereby repeated and incorporated as if fully set forth herein.

56.	Between June 11, 2012 and August 9, 2012, Defendant 1 used his American Express card in twelve (12) transactions charging $22,992.12 on the Pay Over Time portion on Account 2 for goods and services.

57.	The card activity at issue represents a sudden change in Defendant 1's spending habits and is inconsistent with previous use of Account 2.

58.	Of the transactions referenced in paragraph 56, two charges totaling $14,341.06 were incurred for a tax payment to the U.S. Treasury and a related convenience fee.

59.	Upon information and belief, the charges at issue in paragraph 58 were incurred to pay federal income taxes and therefore, are non-dischargeable pursuant to 11 U.S.C. §523(a)(14).

60.	Of the transactions referenced in paragraph 56, two charges totaling $5,308.98 were incurred for a tax payment to NYS Income Tax and a related convenience fee.

61.	Upon information and belief, the charges at issue in paragraph 60 were incurred to pay taxes to a governmental other than the United States, that would otherwise be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

62.	Pursuant to 11 U.S.C. §523(a)(14A), the charges referenced in paragraph 60 are excepted from discharge.

63.	Of the transactions referenced in paragraph 56, one charge in the amount of $1,869.47 was incurred at Stenograph LLC.

64. Of the transactions referenced in paragraph 56, three charges totaling $467.01 were incurred at Costco Wholesale.

65. Of the transactions referenced in paragraph 56, two charges totaling $645.60 were incurred at Sprint Wireless.

66. The prior balance on the Pay Over Time portion on Account 2 was paid down to $2,213.68.

67. Defendant 1 made two minimum payments totaling $1,173.00 on the Pay Over Time portion on Account 2 during or after the charge activity at issue.

68. The terms and conditions of the account agreement between Defendant 1 and American Express call for full payment of the charges due on Account 2 upon receipt of the monthly billing statement, with the exception of the Pay Over Time portion on Account 2, which requires a minimum payment.

69. By using Account 2, Defendant 1 agreed to be bound by the terms and conditions of the Account Agreement.

70. Each time Defendant 1 made a charge on Account 2, he represented to American Express that he had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

71. Attached hereto as Exhibit "B" is the relevant portion of the account statements for Account 2 which reflect the charge activity alleged in this Complaint.

72. The Defendants' petition and schedules reflect insufficient income and assets from which Defendant 1 reasonably could have expected to repay American Express.

73. American Express asserts that at the time Defendant 1 incurred the charges on Account 2, his monthly expenses exceeded his monthly income and therefore he did not intend to honor his obligation to American Express to satisfy Account 2.

74. Defendant 1 obtained the goods and services charged on Account 2 through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

75. Defendant 1 made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable him to charge goods and services on Account 2.

76. At the time of posting the above-referenced charges to the Account 2, Defendant 1 was a cardmember in good standing with American Express, such that, American Express justifiably relied on Defendant 1's misrepresentations as to his intent to repay.

77. As the proximate result of extending credit based on Defendant 1's misrepresentations, American Express has sustained loss and damage in the amount of $22,992.12 on Account 2.

78. A portion of the balance on Account 2 in the amount of $22,992.12 was incurred by Defendant 1 with knowledge of his inability to repay it.

79. A portion of the balance on Account 2 in the amount of $22,992.12 was incurred by Defendant 1 without the intent to repay it.

80. A portion of the balance on Account 2 in the amount of $22,992.12 was obtained through false pretenses, a false representation, or actual fraud by Defendant 1.

81. For the reasons above, a portion of the balance on Account 2 in the amount of $14,341.06 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14).

82. For the reasons above, a portion of the balance on Account 2 in the amount of $5,308.98 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14A).

83. For the reasons above, a portion of the balance on Account 2 in the amount of $22,992.12 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## **THIRD COUNT**

84. Paragraphs 1 through 83 are hereby repeated and incorporated as if fully set forth herein.

85. Between April 16, 2012 and August 24, 2012, the Defendants used their American Express card in one-hundred and eight (108) transactions charging $17,783.09 on Account 3 for goods and services.

86. The card activity at issue represents a sudden change in Defendants' spending habits and is inconsistent with previous use of Account 3.

87. Of the transactions referenced in paragraph 85, one charge in the amount of $11,100.00 was incurred at Yeshiva of Spring Valley.

88. Of the transactions referenced in paragraph 85, thirty-three charges totaling $1,839.63 were incurred for general merchandise at various stores including, but not limited to, Amazon, Century 21, Target and HomeGoods.

89. Of the transactions referenced in paragraph 85, eighteen charges totaling $1,712.27 were incurred for apparel, accessories and cosmetics at various stores including, but not limited to, Zappos.com, Dini Wigs, Sephora, and Anthropologie.

90. Account 3 was credited $331.71 for returned merchandise.

91. The prior balance on Account 3 was paid down to $3,403.52.

92. The Defendants made four payments totaling $1,487.00 on Account 3 during or after the charge activity at issue.

93. The terms and conditions of the account agreement between Defendants and American Express call for a minimum payment toward the charges due on Account 3 upon receipt of the monthly billing statement.

94. By using Account 3, the Defendants agreed to be bound by the terms and conditions of the Account Agreement.

95. Each time Defendants made a charge on Account 3, they represented to American Express that they had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

96. Attached hereto as Exhibit "C" is the relevant portion of the account statements for Account 3 which reflect the charge activity alleged in this Complaint.

97. The Defendants' petition and schedules reflect insufficient income and assets from which Defendants reasonably could have expected to repay American Express.

98. American Express asserts that at the time Defendants incurred the charges on Account 3, their monthly expenses exceeded their monthly income and therefore they did not intend to honor their obligation to American Express to satisfy Account 3.

99. Defendants obtained the goods and services charged on Account 3 through representations which they either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

100. Defendants made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable them to charge goods and services on Account 3.

101. At the time of posting the above-referenced charges to the Account 3, Defendants were cardmembers in good standing with American Express, such that, American Express justifiably relied on Defendants' misrepresentations as to their intent to repay.

102. As the proximate result of extending credit based on Defendants' misrepresentations, American Express has sustained loss and damage in the amount of $17,451.38 on Account 3.

103. A portion of the balance on Account 3 in the amount of $17,451.38 was incurred by Defendants with knowledge of their inability to repay it.

104. A portion of the balance on Account 3 in the amount of $17,451.38 was incurred by Defendants without the intent to repay it.

105. A portion of the balance on Account 3 in the amount of $17,451.38 was obtained through false pretenses, a false representation, or actual fraud by Defendants.

106. For the reasons above, a portion of the balance on Account 3 in the amount of $17,451.38 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## FOURTH COUNT

107. Paragraphs 1 through 106 are hereby repeated and incorporated as if fully set forth herein.

108. Between April 23, 2012 and August 3, 2012, Defendant 1 used his American Express card in twenty-two (22) transactions charging $12,986.70 on the Pay Over Time portion on Account 4 for goods and services.

109. The card activity at issue represents a sudden change in Defendant 1's spending habits and is inconsistent with previous use of Account 4.

110. Of the transactions referenced in paragraph 108, one charge in the amount of $3,355.85 was incurred at Fairleigh Dickinson.

111. Of the transactions referenced in paragraph 108, one charge in the amount of $3,088.00 was incurred at Dini Wigs.

112. Of the transactions referenced in paragraph 108, four charges totaling $3,052.00 were incurred at Mesivia Ohr Naftoli, Yeshiva Shaarei, Beth Medrash Govoha, and TAL (Torah Accreditiation Liaison College.

113. Of the transactions referenced in paragraph 108, eight charges totaling $1,290.39 were incurred at Costco Wholesale and Costco.com.

114. Of the transactions referenced in paragraph 108, four charges totaling $859.86 were incurred at Rite Aid, JMB Optical and Hayneedle.

115. Of the transactions referenced in paragraph 108, one charge in the amount of $800.00 was incurred at Congregation Borov.

116. Of the transactions referenced in paragraph 108, three charges totaling $540.60 were incurred at MRI Finance and CareCentrix Inc.

117. Account 4 accrued interest totaling $990.73.

118. The prior balance on Account 4 was zero.

119. Defendant 1 made five payments totaling $890.00 on the Pay Over Time portion on Account 4 during or after the charge activity at issue.

120. The terms and conditions of the account agreement between Defendant 1 and American Express call for full payment of the charges due on Account 4 upon receipt of the monthly billing statement, with the exception of the Pay Over Time portion on Account 4, which requires a minimum payment.

121.	By using Account 4, Defendant 1 agreed to be bound by the terms and conditions of the Account Agreement.

122.	Each time Defendant 1 made a charge on Account 4, he represented to American Express that he had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

123.	Attached hereto as Exhibit "D" is the relevant portion of the account statements for Account 4 which reflect the charge activity alleged in this Complaint.

124.	The Defendants' petition and schedules reflect insufficient income and assets from which Defendant 1 reasonably could have expected to repay American Express.

125.	American Express asserts that at the time Defendant 1 incurred the charges on Account 4, his monthly expenses exceeded his monthly income and therefore he did not intend to honor his obligation to American Express to satisfy Account 4.

126.	Defendant 1 obtained the goods and services charged on Account 4 through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

127.	Defendant 1 made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable him to charge goods and services on Account 4.

128.	At the time of posting the above-referenced charges to the Account 4, Defendant 1 was a cardmember in good standing with American Express, such that, American Express justifiably relied on Defendant 1's misrepresentations as to his intent to repay.

129. As the proximate result of extending credit based on Defendant 1's misrepresentations, American Express has sustained loss and damage in the amount of $13,087.43 on Account 4.

130. A portion of the balance on Account 4 in the amount of $13,087.43 was incurred by Defendant 1 with knowledge of his inability to repay it.

131. A portion of the balance on Account 4 in the amount of $13,087.43 was incurred by Defendant 1 without the intent to repay it.

132. A portion of the balance on Account 4 in the amount of $13,087.43 was obtained through false pretenses, a false representation, or actual fraud by Defendant 1.

133. For the reasons above, a portion of the balance on Account 4 in the amount of $13,087.43 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, American Express pray this Honorable Court for a non-dischargeable judgment against Defendant 1, Michael Rosenberg aka Michael W. Rosenberg, in the principal amount of $53,504.43 for Account 1, $22,992.12 for Account 2, and $13,087.43 for Account 4, and for a non-dischargeable judgment against Defendants, Michael Rosenberg aka Michael W. Rosenberg and Judy Rosenberg, in the principal amount of $17,451.38 for Account 3, for a total non-dischargeable judgment in the amount of $107,035.36, plus interest, and costs, and any other such relief as the Court may deem appropriate.

                                        Respectfully submitted,
                                        Attorneys for Plaintiff

Dated: March 4, 2013            By:  */s/ Paul J. Hooten*
                                              Paul J. Hooten (PJH9510)
                                              PAUL J. HOOTEN & ASSOCIATES
                                              5505 Nesconset Highway
                                              Suite 203
                                              Mt. Sinai, NY 11766
                                              (631) 331-0547

                                              Michelle L. McGowan
                                              BECKET & LEE LLP
                                              16 General Warren Boulevard
                                              P.O. Box 3001
                                              Malvern, PA  19355
                                              (610) 644-7800
                                              Tax ID #23-2590912

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>WHITE PLAINS DIVISION | pjh9510<br>Tax ID #11 3178696 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯X | |
| IN RE: MICHAEL ROSENBERG and<br>      JUDY ROSENBERG, | CHAPTER 7<br>CASE. NO. 12-24074-rdd |
| DEBTORS. | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯X | |
| AMERICAN EXPRESS BANK, FSB and<br>AMERICAN EXPRESS CENTURION BANK, | ADV. PROC. NO. |
| PLAINTIFFS, | |
| v. | **CORPORATE DISCLOSURE**<br>**STATEMENT** |
| MICHAEL ROSENBERG<br>aka MICHAEL W. ROSEBERG and<br>JUDY ROSENBERG, | |
| DEFENDANTS. | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯X | |

American Express Bank, FSB, a federal savings bank, and American Express Centurion Bank, a Utah chartered financial institution, are wholly owned subsidiaries of American Express Travel Related Services Company, Inc., a New York corporation which is wholly owned by American Express Company, a New York corporation which is publicly owned and traded.

                                          Respectfully submitted,
                                          Attorneys for Plaintiff

Dated: March 4, 2013         By:  */s/ Paul J. Hooten*
                                              PAUL J. HOOTEN & ASSOCIATES
                                              5505 Nesconset Highway, Suite 203
                                              Mt. Sinai, NY 11766
                                              (631) 331-0547

                                              Michelle L. McGowan
                                              BECKET & LEE LLP
                                              16 General Warren Boulevard
                                              P.O. Box 3001
                                              Malvern, PA  19355
                                              (610) 644-7800